William J. O'Shaughnessy
William T. Reilly
Richard Hernandez
Desiree Grace
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Defendants*
*New York Football Giants, Inc., John K. Mara,*
*William J. Heller, and Christine Procops*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC INSELBERG, | CIVIL ACTION NO. _____ |
| Plaintiff, | |
| v. | |
| NEW YORK FOOTBALL GIANTS, INC., JOHN K. MARA, WILLIAM J. HELLER, CHRISTINE PROCOPS, EDWARD WAGNER, JR., JOSEPH SKIBA, EDWARD SKIBA, ELI MANNING, BARRY BARONE, PARK CLEANERS, INC. and JOHN DOES A-Z, | **NOTICE OF REMOVAL** |
| Defendants. | |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441, 1446 and 1454, Defendants New York Football Giants, Inc., John K. Mara, William J. Heller, and Christine Procops (the "Giants Defendants") hereby file this Notice of Removal from the Superior Court of New Jersey, Law Division, Bergen County, to the United States District Court, District of New Jersey, Newark Vicinage. The grounds for removal are as follows:

## THE REMOVED CASE

1. The removed case is a civil action filed on January 29, 2014, in the Superior Court of New Jersey, Law Division of Bergen County, having been assigned Docket No. BER-L-0975-14, and captioned *Eric Inselberg v. New York Football Giants, Inc. et al.* (*See* Exhibit A, Complaint).

## PAPERS FROM THE REMOVED ACTION ARE ATTACHED

2. As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all process, pleadings, orders and other papers or exhibits filed in the state court.

## REMOVAL IS PROPER

**A.     Removal is Timely.**

3. Plaintiff Eric Inselberg ("Inselberg" or "Plaintiff") commenced this action on or about January 29, 2014. The Giants Defendants acknowledged service of the Summonses and Complaint as to all named defendants (save Barry Barone and Park Cleaners, Inc.) on February 5, 2014. Removal is timely because it is made within 30 days of receipt of the Complaint by the Giants Defendants.

**B.     Removal is Proper Because Plaintiff has Asserted Claims Under the Patent Act.**

4. Plaintiff has asserted a claim for, *inter alia*, alleged damages arising from purported patent infringement by Defendants (*See* Ex. A, ¶¶ 32-41, 50-51, 153, 223-24, 235).

5. The Patent Act governs allegations of patent infringement, specifically 35 U.S.C. § 271(a) which states that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."

6. Removal of this action is governed by statute, which reads: "A civil action in

which **any party asserts a claim for relief arising under any Act of Congress relating to patents,** plant variety protection, or copyrights **may be removed to the district court of the United States** for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a) (emphasis added). *See also* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court . . . .").

7. Pursuant to 28 U.S.C. § 1338(a), "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . . No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents . . . ."

8. Under 28 U.S.C. § 1338(a), federal jurisdiction extends to cases in which a well-pleaded complaint establishes either that (1) federal patent law creates the cause of action or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808-09 (1988). The state law complaint must also "necessarily raise a federal issue, actually disputed and substantial, which a federal forum may entertain without disrupting any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 313 (2005).

9. Plaintiff has asserted that the New York Football Giants, Inc. (the "Giants") infringe Plaintiff's rights in and to the Wireless Patents by using such technology without compensating Plaintiff. (Compl. ¶ 32-41 and Ex. A thereto).

10. Plaintiff alleges that the Giants implemented the technology/methods covered by

3

the Wireless Patents without a license or otherwise compensating Plaintiff and/or his company Inselberg Interactive. (Compl. ¶¶ 50-51). Plaintiff further alleges that the Giants misappropriated Plaintiff's "patent concepts" (clearly the Wireless Patents) and integrated them into the Giants' wireless platforms without compensating Plaintiff. (Compl. ¶ 153).

11.    In Count Eight (Quasi-Contract – Unjust Enrichment) (Compl. p. 54), Plaintiff asserts that "[t]he Giants misappropriation of Inselberg's wireless patent marketing concepts [i.e., the Wireless Patents] and integration of them into the Giants' wireless platforms . . . as set forth in detail above, conferred financial benefit upon Defendants." (Compl. ¶ 223). Additionally, Plaintiff contends that "Defendant has failed to compensate Inselberg for the benefits it received, resulting in Defendants' unjust enrichment at Inselberg's expense." (Compl. ¶ 224). These allegations are of patent infringement or at the very least raise substantial questions of federal patent law.

12.    In count Ten (Unfair Competition – Misappropriation) (Compl. p. 55), Plaintiff asserts that "Inselberg's patented wireless marketing concepts [i.e., the Wireless Patents] used and integrated into the Giants' wireless platforms were presented in confidence to the Giants, who understood them to be for sale, and were adopted and made use of by the Giants in connection with their own activities without compensation to Inselberg, either directly or indirectly." (Compl. ¶ 235). Simply put, the allegation in this paragraph that the Giants Defendants misappropriated Plaintiff's patented wireless marketing concepts constitutes an allegation of patent infringement.

13.    Plaintiff has asserted claims of patent infringement against the Giants (a cause of action created by federal patent law) or claims that, at the very least, require resolution of a substantial question of patent law. These claims are both disputed and substantial. Therefore,

ME1 17120368v.1

the case may be removed to federal court.

14. Additionally, where a federal court has original jurisdiction over one claim, it has supplemental jurisdiction over any other claims that are part of the same case or controversy. 28 U.S.C. § 1367. Plaintiff's state law claims in this action form the same case or controversy as his claims for patent infringement. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims, which therefore are also removeable. 28 U.S.C. § 1441(c).

C.  **Venue And Other Requirements Are Satisfied**

15. The United States District Court for the District of New Jersey, Newark Vicinage, includes Bergen County where the Action is now pending. Thus, this Court is the proper venue for the Action pursuant to 28 U.S.C. §§ 1441(a) and 1454(a).

16. Pursuant to 28 U.S.C. § 1446(d), the Giants Defendants are filing a written notice of this removal with the Superior Court of New Jersey, Law Division, Bergen County. A Notice of Removal to Adverse Party, together with copies of this Notice of Removal, and Notice of Filing Notice of Removal are being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

17. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon the Giants Defendants are attached as Exhibit A.

**WHEREFORE**, the Giants Defendants hereby remove this action from the Superior Court of New Jersey, Law Division, Bergen County, and request that further proceedings be conducted in this Court as provided by law.

Dated: February 27, 2014

By: /s/ *William J. O'Shaughnessy*
William J. O'Shaughnessy
William T. Reilly
Richard Hernandez
Desiree Grace
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Defendants*
*New York Football Giants, Inc., John K. Mara,*
*William J. Heller, and Christine Procops*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, we hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. As discussed herein, this is a removal of the case *Eric Inselberg v. New York Football Giants, Inc. et al.*, Docket No. BER-L-0975-14 from the Superior Court of New Jersey, Law Division, Bergen County.

Dated: February 27, 2014

By: /s/ *William J. O'Shaughnessy*
William J. O'Shaughnessy
William T. Reilly
Richard Hernandez
Desiree Grace
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Defendants*
*New York Football Giants, Inc., John K. Mara,*
*William J. Heller, and Christine Procops*

## CERTIFICATION PURSUANT TO L. CIV. R. 201.1

Pursuant to Local Civil Rule 201.1, I hereby certify the above-captioned matter is not subject to compulsory arbitration in that, *inter alia*, the Plaintiff seeks non-monetary injunctive relief and the amount in controversy exceeds the $150,000 threshold exclusive of interest and costs and any claim for punitive damages.

Dated: February 27, 2014

By: /s/ William J. O'Shaughnessy
William J. O'Shaughnessy
William T. Reilly
Richard Hernandez
Desiree Grace
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Defendants*
*New York Football Giants, Inc., John K. Mara,*
*William J. Heller, and Christine Procops*

## **CERTIFICATE OF SERVICE**

I certify that on February 27, 2014, I electronically filed a copy of this Notice of Removal with the Clerk of the Court using the CM/ECF system and also served a copy of this document counsel for Plaintiff, Defendant Eli Manning, Defendants Edward Skiba and Joseph Skiba, and Defendant Edward Wagner via overnight mail at the following addresses:

Brian C. Brook, Esq.
Clinton Brook & Peed
641 Lexington Avenue, 13th Floor
New York, New York 10022

Michael S. Kasanoff, Esq.
157 Broad Street, Suite 321
P.O. Box 8175
Red Bank, New Jersey 07701

*Attorneys for Plaintiff*

Dennis Drasco
Lum, Drasco & Positan, LLC
103 Eisenhower Parkway
Roseland, NJ 07068

*Attorneys for Defendant
Edward Wagner*

Louis Solomon
William Schwartz
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

*Attorneys for Defendant
Eli Manning*

Gerald Krovatin
Krovatin Klingeman LLC
60 Park Place, Suite 1100
Newark, New Jersey 07102

*Attorneys for Defendants
Edward Skiba and Joseph Skiba*

I also certify that I caused to be served a copy of this document upon Defendants Barry Barone and Park Cleaners via hand delivery at the following address:

Barry Barone
Park Cleaners
124 Park Avenue
Rutherford, NJ 07070

By: _____
Desiree Grace

8

MEI 17120368v.1