UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ERIC INSELBERG,**<br><br>       **Plaintiff,**<br><br>  v.<br><br>**NEW YORK FOOTBALL GIANTS, INC.,** *et al.***,**<br><br>       **Defendants.** | Civ. No. 2:14-cv-01317 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

    This matter comes before the Court on Plaintiff Eric Inselberg's motion to remand, pursuant to 28 U.S.C. § 1447(c). Magistrate Judge Mark Falk entered a Report and Recommendation on June 18, 2014 ("the R&R") in favor of denying Plaintiff's motion. The R&R concluded that removal was proper because Counts 8 and 10 of Plaintiff's Complaint are claims under the Patent Act, thereby creating federal-question jurisdiction. After careful consideration of the parties' submissions and a *de novo* review of the R&R, the Court does not adopt the R&R's conclusion that Counts 8 and 10 are Patent Act claims. Additionally, the Court rejects Defendants' other arguments for why removal is proper. Accordingly, Plaintiff's motion to remand is **GRANTED**.

**I.    BACKGROUND**

    As the R & R accurately lays forth the full background and procedural history of this case, the Court recites only the following relevant facts pertaining to its *de novo* review. On January 29, 2014, Plaintiff Eric Inselberg – a self-described inventor, entrepreneur, and collector of sports memorabilia – filed a lawsuit in the Superior Court of New Jersey against the New York Football Giants, Giants quarterback Eli Manning, Giants owner John K. Mara, and other related Defendants. The sixteen-count Complaint asserts the following causes of action, all under state law: (1) New Jersey Civil RICO, N.J.S.A. 2C:41-1, *et seq.*; (2) Tortious Interference with Prospective Economic Advantage; (3) Tortious Interference with Contractual Relations; (4) Malicious Prosecution; (5) Abuse of Process; (6) Trade Libel; (7) Intentional Inflection of Emotional Distress; (8) Unjust Enrichment; (9) Quantum Meruit; (10) Unfair Competition – Idea Misappropriation; (11) Breach of Contract; (12)

1

Civil Conspiracy; (13) Aiding & Abetting; (14) Negligent Supervision; (15) Negligent Retention; and (16) Respondeat Superior.

As the R&R points out, the Complaint can be distilled into two conceptual parts. The first part relates to a federal investigation concerning fraud in the sports memorabilia business. Plaintiff alleges that Defendants falsely implicated him in a fraudulent memorabilia scheme in order to protect their own interests. These actions allegedly left his business and personal life in ruin, causing him severe financial and psychological harm. (*See* Compl. at ¶¶148-63).

The second part – which is the focus of this Opinion – is unrelated to the sports memorabilia investigation. It instead concerns the use of "wireless audience participation" technology that Plaintiff invented and subsequently had patented. (Compl. at ¶¶ 50-52). Plaintiff alleges that after obtaining the patents, he shared this technology and other marketing concepts with the New York Giants and other related individuals (named in the Complaint as John Does A-Z) in the fall of 2010. Counts 8 and 10 of the Complaint ("Unjust Enrichment" and "Unfair Competition – Idea Misappropriation," respectively), allege that the Giants misappropriated the wireless audience participation technology without compensating Plaintiff or appropriately crediting him as the inventor. (Compl. at ¶¶ 221-25, 231-36).

On February 27, 2014, certain Defendants filed a Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1454. ECF No. 1. In their Notice of Removal, Defendants submit that removal is proper because Counts 8 and 10 are "[c]laims [u]nder the Patent Act," which are not only removable to federal court pursuant to 28 U.S.C. §§ 1454(a) and 1441(a), but must exclusively be heard in federal court under 28 U.S.C. § 1338(a). (Notice of Removal at ¶ 4, ECF No. 1). The Notice of Removal argues that (1) Plaintiff has asserted claims of patent infringement, which must be heard in federal court; or (2) Plaintiff has, at the very least, asserted claims that require resolution of a substantial and actually disputed question of patent law, which make them removable under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). (*Id*. at ¶ 8). Additionally, Defendants submit that under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the other fourteen state law claims, which are therefore also removable under 28 U.S.C. § 1441(c). (*Id*. at ¶ 14).

On March 18, 2014, Plaintiff moved to remand to state court pursuant to 28 U.S.C. § 1447(c). ECF No. 25. In his motion to remand, Plaintiff argues that his claims could not be for patent infringement because he no longer holds the patents[1] at issue and thus lacks

---

[1] Before bringing his lawsuit, a separate entity – of which Plaintiff was the majority owner – transferred its rights, titles, and interests in the patents to a third party. Plaintiff currently has no direct or indirect ownership interests in the patents. (Complaint at ¶ 41).

standing to sue under the Patent Act. He further argues that Counts 8 and 10 are not claims for patent infringement and that there is no basis for removal under *Grable*. (Mt. to Remand at 8-13). Plaintiff also argues that he should be awarded fees and costs because Defendants did not have an objectively reasonable basis for seeking removal. (*Id.* at 13-16).

After holding oral argument, U.S. Magistrate Judge Mark Falk issued the R&R on June 18, 2014 recommending that this Court deny Plaintiff's motion to remand. ECF No. 57. Resting on the doctrine of complete preemption, the R&R concluded that Counts 8 and 10 were patent infringement claims, and that Plaintiff could not avoid removal by "artfully pleading" those claims as causes of action under state law. (R&R at 13).

Plaintiff filed his Objections to the R&R, requesting that this Court disregard the R&R and remand the case to state court, or in the alternative, decline to exercise supplemental jurisdiction over the 14 remaining state law claims that do not allege misappropriation of patented concepts. (*See* Plf's Obj. at 5-6, 22-23, ECF No. 59). Shortly thereafter, Defendants filed their Response, requesting that this Court adopt the R&R, deny the motion to remand, and exercise supplemental jurisdiction over the remaining state law claims. (Defs' Resp. at 5, ECF No. 60). Before this Court is a consideration of the parties' full submissions and a *de novo* review of the disputed findings and conclusions in the R & R.

## II.     STANDARD OF REVIEW

A United States Magistrate Judge is vested with the authority to hear a pretrial matter dispositive of a claim and to enter a recommendation for its disposition. Fed.R.Civ.P. 72(b); see also 28 U.S.C. § 636(b)(1). A party may object to the recommended disposition of the matter by filing a written objection within ten days of being served with a Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); L. Civ. R. 72.1(c)(2). Thereafter, the district court "shall make a *de novo* determination of those positions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2).

## III.    MOTION TO REMAND

In their Notice of Removal, Defendants assert that this Court has subject-matter jurisdiction because (1) Plaintiff has asserted claims of patent infringement, which must be heard in federal court; or (2) Plaintiff has, at the very least, asserted claims that require resolution of a substantial and actually disputed question of patent law. The Court will address these arguments in turn.

### A. Are Counts 8 and 10 Patent Infringement Claims?

#### i. *Governing Law*

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1441(a). Where there is no diversity of citizenship, as is the case here, an action is only removable where there is "federal question jurisdiction." *Id.* at 390. Federal question jurisdiction exists where an action "aris[es] under the Constitution, laws, or treatises of the United States." *See* 28 U.S.C. § 1331; *Gunn v. Minton*, 133 S.Ct. 1059, 1065 (2013).

The "well-pleaded complaint rule" governs the question of whether federal-question jurisdiction exists over an action. *Aetna Health Inc. v. Davila,* 542 U.S. 200, 208 (2004). It provides "that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. Under the rule, a plaintiff "is the master of the claim" and may exclusively rely on state law to avoid federal jurisdiction. *Id.* Complete preemption is a corollary to the well-pleaded complaint rule; it permits removal where the state law cause of action asserted by the plaintiff has been replaced by a federal cause of action. *Lehmann v. Brown*, 230 F.3d 916, 919-20 (7th Cir. 2000). Because it represents an "extraordinary preemptive power," *Taylor*, 481 U.S. at 65, complete preemption is "quite rare." *Johnson v. MFA Petroleum Co.,* 701 F.3d 243, 248 (8th Cir. 2012).

#### ii. *Application*

The Court finds that the well-pleaded complaint rule governs this case, and because Counts 8 and 10 do not arise under the Patent Act, they cannot be removed to federal court. The Court's holding is guided by recent decisions from the Court of Appeals for the Federal Circuit, which have indicated that the well-pleaded complaint rule applies with full force in the patent context. In *Wawrzynski v. H.J. Heinz Co.,* 728 F.3d 1374 (Fed Cir. 2013), the Federal Circuit concluded that a complaint asserting breach of contract and unjust enrichment claims did not arise under the Patent Act even though it made multiple references to patented technology that the plaintiff disclosed to the defendant. In doing so, the Federal Circuit took into account a number of factors: (1) the complaint did not use the words "infringe" or "infringement"; (2) the complaint did not reference 35 U.S.C. § 271; (3) the plaintiff sought contract-type damages, *e.g.*, consequential and incidental damages; (4) the plaintiff alleged a failure to compensate, rather than entitlement to exclusivity; (5) the complaint also referenced ideas and materials not found in the patent, including marketing concepts; and (6) the plaintiff filed his action in state court. *See Wawrzynski*

4

728 F.3d at 1379-1382.[2]  In conducting this analysis, the Federal Circuit did not even reach the complete preemption issue; instead, it applied the well-pleaded complaint rule and concluded that the plaintiff "intended to eschew federal law and invoke state law." *Id*. at 1380-81.

The reasons for finding no subject-matter jurisdiction in this case are even stronger than they were in *Wawrzynski*, which involved a two-count complaint solely concerning the defendant's use of technology and marketing concepts allegedly created by the plaintiff. *Id*. at 1366.  By contrast, Plaintiff here has filed a 16-count complaint containing a multitude of allegations that bear no relationship to Defendants' use of technology or marketing concepts.

Moreover, similar to *Wawrzynski*, the Complaint does not use words such as "infringe," nor does it mention any provisions of the Patent Act.  *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 807 (1988) (a complaint alleges patent infringement where it sets up "some right, title or interest under the patent laws.")  Plaintiff also filed his Complaint in state court and requests damages that are not recoverable under the Patent Act, (See Compl. at 63, ¶1), further evincing his intent to eschew federal law and invoke state law.  Additionally, Plaintiff asserts a right to compensation, (*See* Compl. at ¶224), even though "[a] patent by itself does not create an *agreement* to pay."  *See Wawrzynski* 728 F.3d at 1380 (emphasis in the original).  And just like *Wawrzynski*, certain ideas Plaintiff alleges to have provided Defendants – including marketing concepts – are not found in the patents he once held.  (*See, e.g.,* Compl. at ¶ 222) (alleging misappropriation of "wireless patent *and* marketing concepts") (emphasis added).  "[I]n light of the evidence of a clear intention on [Plaintiff's] part to specifically assert counts under state law," the Court finds that Counts 8 and 10 do not arise under the Patent Act.  *Wawrzynski* 728 F.3d at 1381 (to hold otherwise "would turn the well-pleaded complaint rule on its head, making [Plaintiff] the 'master of nothing.'")

---

[2] In *U.S. Water Services, Inc. v. Chemtreat, Inc.*, 570 Fed.Appx. 924 (Fed Cir. 2014), the Federal Circuit held that it had no appellate jurisdiction where the complaint only asserted a state law trade secret claim, notwithstanding the fact that the plaintiff obtained a patent covering the technology that was the subject of the trade secret claim before the claim was dismissed.  Similar to *Wawrzynski*, the court rested its conclusion on the well-pleaded complaint rule, noting that "state law creates the cause of action."  570 Fed.Appx. at 926.  (internal citations omitted)

### B. Is There Federal Jurisdiction Under *Grable?*

The Court also finds that there is no federal jurisdiction under *Grable*. (*See* R&R at 16-17). Under *Grable*, federal-question jurisdiction may exist where a state law claim contains a substantial, embedded question of federal law. *Grable*, 545 U.S. at 312. However, the mere presence of a federal issue "does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (2011). Such jurisdiction will only exist in a "special and small category" of cases where the state claim raises a federal issue that is (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton*, 133 S.Ct. 1059, 1065 (2013) (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

In *Gunn*, for example, the Court did not find *Grable* jurisdiction where a plaintiff alleged that his former attorney committed malpractice by failing to raise an "experimental use" argument in a prior patent infringement lawsuit. *See Gunn*, 133 S.Ct. at 1063. The Court acknowledged that a federal issue was necessarily raised and actually disputed because the viability of plaintiff's state law malpractice claim depended on whether the outcome of the prior litigation would have been different had his attorney raised federal patent law's experimental use argument. *Id.* at 1065-66. However, the Court declined to hold that that the federal issues were "substantial" for the purposes of *Grable* jurisdiction because they were not "significant to the federal system as a whole." *Id.* at 1067-68.

The reasons for not finding *Grable* jurisdiction in this case are even stronger than they were in *Gunn*. Unlike the plaintiff in *Gunn*, Plaintiff in this case does not assert that he could have succeeded on a claim for patent infringement, which would thereby require an interpretation of federal patent law. Instead, he acknowledges that he has relinquished all rights to recover under the Patent Act and instead seeks recovery on theories premised solely on state law. Therefore, an interpretation of a disputed issue of federal patent law is not a necessary element of Plaintiff's state law claims and *Grable* does not apply.

### IV. ATTORNEYS FEES

The Court will not award Plaintiff attorneys fees and costs. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision of whether to award fees and costs lies in the Court's discretion. *See Siebert v. Norwest Bank Mn.,* 166 Fed. Appx. 603, 606-07 (3d Cir. 2006). Moreover, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546

U.S. 132, 141 (2005). Because "[t]he distinctions between the jurisprudence governing removal of cases such as this are significantly fine," the Court, while disagreeing with Defendants' position, does not conclude that Defendants lacked an objectively reasonable basis for seeking removal. *See Kantha v. Pacific Life Ins. Co.*, No. 06-0905, 2006 WL 2583242 at *2 (D.N.J. Sept. 6, 2006).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**. Plaintiff's request that he be awarded fees and costs associated with his motion to remand is **DENIED**. An appropriate Order accompanies this decision.

                                        /s/ William J. Martini
                            **WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 10, 2014**